UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| SOPHIA PHEAP, as Administratrix and | ) | |
| Personal Representative of the Estate of | ) | |
| CHANNARA PHEAP, | ) | 3:20-CV-00387-DCLC-DCP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF KNOXVILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant, Dylan M. Williams ("Officer Williams"), has filed a Motion to Dismiss [Doc. 14] in which he asserts that Plaintiff, Sophia Pheap ("Ms. Pheap"), lacks the capacity[1] to prosecute this action. The relevant facts are straightforward. On August 26, 2019, Officer Williams, with the Knoxville Police Department, fatally shot Channara Pheap ("Mr. Pheap") in the parking lot of an apartment complex in Knoxville, Tennessee [Doc. 1, ¶ 1]. At the time of his death, Mr. Pheap was not married and had a five-year-old daughter, B.P. [Doc. 19-2, ¶¶ 3, 4]. On June 26, 2020, the Knox County Chancery Court appointed Ms. Pheap, Mr. Pheap's sister, as Administratrix *ad litem* and Personal Representative of Mr. Pheap's estate for the purpose of bringing this action, pursuant to Tenn. Code Ann. § 30-1-109 [Doc. 1, ¶ 26; Doc. 19-1].

On August 26, 2020, Ms. Pheap filed a Complaint with this Court asserting claims against Officer Williams, among others, for excessive force pursuant to 42 U.S.C. § 1983, wrongful death

---

[1] Officer Williams refers to Ms. Pheap's inability to bring this action as a lack of standing but his arguments are framed toward issues of capacity to sue. *See Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir. 1992) ("attorneys and courts confuse the concepts of standing with that of capacity to sue and with the real party in interest principle").

1

under Tenn. Code Ann. §§ 20-5-106 *et seq*., and common law claims of battery and negligence [Doc. 1]. In response, Officer Williams filed the Motion to Dismiss that is currently before the Court in which he argues that Ms. Pheap lacks the capacity to assert the aforementioned claims because Mr. Pheap's daughter is the sole beneficiary and the real party in interest and she has not waived her right to bring a cause of action [Doc. 16, pg. 5].

Under Tennessee law,[2] a "right of action…based on the wrongful act or omission of another" is not abated by a party's death; rather, it passes "to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; [or] to the personal representative, for the benefit of the person's surviving spouse or next of kin…." Tenn. Code Ann. § 20-5-102; § 20-5-106(a). Tennessee's survival statute further provides that "[t]he action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin." Tenn. Code Ann. § 20-5-107(a).

Here, the parties tend to agree that with no surviving spouse, Mr. Pheap's right of action passed to his minor daughter, B.P, as the sole beneficiary [Doc. 16, pg. 5; Doc. 19, pg. 1]. However, the issue on which the parties disagree is whether Ms. Pheap, as Personal Representative, may prosecute this action. Officer Williams contends that because Ms. Pheap does not purport to represent B.P.'s interests, the action is fatally flawed unless B.P. "unequivocally waive[s]" her superior right of action [Doc. 16, pg. 5]. However, this argument is without merit because (1) Ms. Pheap does, in fact, purport to represent B.P.'s interests and (2) waiver by B.P. is not required when the action is being brought for her benefit.

---

[2] It is undisputed that the law of the forum state applies to survival of a Section 1983 action upon the death of a party. *See Robertson v. Wegmann*, 436 U.S. 584, 589 (1978).

First, the action must be treated as if it were brought by Mr. Pheap himself and the statutory beneficiaries do not have to be "averred" or "proven" so long as their existence is "shown in the lawsuit." *Walker v. Peels*, 315 S.W.2d 400, 402 (1958). Ms. Pheap discloses the fact that Mr. Pheap was survived by a minor daughter in the first paragraph of the Complaint and again at least seven times throughout the Complaint [Doc. 1, ¶¶ 1, 22, 42 n.15, 44 n.17, 97, 120, 126, 132]. Additionally, Ms. Pheap has a legal duty in her representative capacity to hold any damages recovered "as a trustee for the real beneficiaries under the statute and must account to them…for the proceeds of the judgment." *Memphis St. Ry. Co. v. Cooper*, 313 S.W.2d 444, 448 (1958).

As to the argument that Ms. Pheap may not bring this action unless B.P. waives her superior right of action, Officer Williams relies on case law that is inapplicable to the facts of this case. Importantly, Ms. Pheap brings this action in her capacity as Administratrix *ad litem* and Personal Representative rather than in her individual capacity as Mr. Pheap's sister. Thus, she is not asserting any right of action as a statutory beneficiary, which would be inferior to B.P.'s right in the line of priority and would require B.P. to waive such right. Rather, Ms. Pheap is representing the right of the superior statutory beneficiary, which the parties do not dispute is B.P. Furthermore, while it is true that an adult beneficiary has a "superior right to maintain a wrongful death action for his or her own benefit over an administrator of the estate," minor beneficiaries "cannot act for themselves in contracting with counsel and otherwise making provisions to institute the wrongful death action." *Busby v. Massey*, 686 S.W.2d 60, 62-63 (Tenn. 1984). Therefore, when the beneficiary is a minor, "a suit commenced in good faith by the personal representative" is not required to "be subordinated to that of a guardian or next friend." *Id* at 62. Thus, Ms. Pheap may properly bring this action for the benefit of B.P.

As an alternative to dismissal, Officer Williams requests that the Court order Ms. Pheap to amend the Complaint to reflect B.P. as the real party in interest and to obtain consent from Ms. Beverwyk, B.P.'s mother, to proceed with the action. However, as stated above, the Complaint properly discloses the existence of the beneficiary and Ms. Pheap is under a legal duty to hold any damages recovered as a trustee for B.P. and must account her for the proceeds of any judgment rendered in this matter. As to consent by B.P.'s guardian, this Court has previously held that a personal representative is not generally required to obtain consent from a minor beneficiary's guardian before instituting a wrongful action on the minor's behalf. *Lawson v. Yes Express, Inc.*, No. 2:14-CV-245, 2015 WL 12953184, at *4 (E.D. Tenn. Sept. 22, 2015). "If the personal representative and attorneys employed by him were required to step aside at the whim of a guardian or next friend, then the administrator could never employ counsel to investigate, file and prosecute the suit on behalf of the minor." *Busby*, 686 S.W.2d at 63. Accordingly, Officer Williams's Motion to Dismiss [Doc. 14] is **DENIED**.

SO ORDERED:


s/ Clifton L. Corker
United States District Judge