# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| SOPHIA PHEAP, as Administratrix and Personal Representative of the ESTATE OF CHANNARA PHEAP,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF KNOXVILLE, TENNESSEE, CHIEF EVE M. THOMAS, individually, DYLAN M. WILLIAMS, individually, and JOHN AND JANE DOES 1-5, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:20-cv-00387-DCLC-DCP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT DYLAN M. WILLIAMS TO COMPLAINT

Comes now Defendant DYLAN M. WILLIAMS, in his individual capacity ("Officer Williams"), respectfully appearing by and through counsel, and for answer to the "Complaint for Civil Rights Violations and Wrongful Death" [Doc. 1] responds and alleges as follows:

1.      Responding to the allegations and averments of numbered Paragraph 1 of the Complaint, it is admitted only that this cause of action arises from an encounter between Channara Pheap, deceased ("Pheap"), and Officer Williams in the parking lot of an apartment complex in Knoxville, Tennessee at approximately 5:39 p.m. on August 26, 2019 in which Officer Williams was compelled to use lawful deadly force against Pheap under circumstances that were tense, uncertain and rapidly evolving and which placed Officer Williams in immediate fear of death or serious bodily harm. Any and all remaining allegations and averments in numbered Paragraph 1 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded. It is denied that Officer Williams violated any of Pheap's rights

whether existing under state or federal law and/or that Officer Williams is liable for any damages claimed by the Plaintiff.

2.    The allegations and averments of numbered Paragraph 2 of the Complaint are admitted. It is averred that the suspected hit and run vehicle was driven by Pheap who, approximately sixteen (16) minutes earlier, struck an SUV driven by an eighty-one-year-old woman and her granddaughter at the intersection of Elm Street and Baxter Avenue thereby disabling the SUV, and immediately fled the scene.

3.    The allegations and averments in the main text of numbered Paragraph 3 of the Complaint are admitted. The allegations and averments in footnote 2 of numbered Paragraph 3 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

4.    The allegations and averments in the first 3 sentences of the main text of numbered Paragraph 4 of the Complaint are admitted. It is further admitted that Officer Williams was informed over his radio seconds after encountering Pheap that the hit and run suspect had been described as a light skin black male or Hispanic male. Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegation in numbered Paragraph 4 of the Complaint that Pheap was "neither Black nor Hispanic," and the same is accordingly denied, placed in issue, and strict proof thereon is demanded. It is averred that Pheap matched the description of the driver of the hit and run vehicle which Officer Williams received over his radio, as set forth above.  It is further averred that Officer Williams, in the course of his investigation, was trying to locate the driver of the suspected hit and run vehicle and that an apartment resident had seconds earlier informed him the driver of the vehicle lived in a third-

floor apartment unit directly above the apartment resident. It is further averred that Officer Williams thereafter observed Pheap descending the stairs from the third-floor apartment unit. The allegations and averments in footnote 3 of numbered Paragraph 4 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

5. The allegations and averments in the first sentence of the main text of numbered Paragraph 5 of the Complaint are denied, placed in issue, and strict proof thereon is demanded. It is admitted only that Officer Williams lawfully attempted to conduct a pat down of Pheap to check for weapons and, observing the sound of clanking as Pheap nervously fidgeted and reached for his pockets, asked Pheap for consent to check his pockets for keys to the suspected hit and run vehicle. It is further admitted that Pheap immediately attempted to flee whereupon a violent struggle ensued which ultimately culminated in Officer Williams's lawful use of deadly force against Pheap under circumstances that were tense, uncertain and rapidly evolving and which placed Officer Williams in immediate fear of death or serious bodily harm. The allegations and averments in footnotes 4, 5, and 6 of numbered Paragraph 5 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

6. The allegations and averments in the first sentence of numbered Paragraph 6 of the Complaint are denied, placed in issue, and strict proof thereon is demanded. It is admitted only that Officer Williams attempted to stop Pheap from running away by wrapping his arms around Pheap's waist and by using a leg-sweep on Pheap. The remaining allegations and averments of numbered Paragraph 6 of the Complaint, insofar as they may be deemed to set forth

3

any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

7.     The allegations and averments of numbered Paragraph 7 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

8.     The allegations and averments in the first 2 sentences of numbered Paragraph 8 of the Complaint are denied, placed in issue, and strict proof thereon is demanded. It is admitted that during the violent struggle which began when Pheap tried to run away from Officer Williams the two men slid down the muddy hill between the apartment buildings to the parking lot.  It is averred that during the violent struggle Pheap rolled on top of Officer Williams and used his left arm to push on Officer Williams's throat, choking him and making it difficult for Officer Williams to breathe, and thereby causing Officer Williams to fear for his life.

9.     The allegations and averments in the first 3 sentences of numbered Paragraph 9 of the Complaint are admitted. Officer Williams lacks knowledge of information sufficient to form a belief about the truth of the remaining allegations of numbered Paragraph 9 of the Complaint and the same are accordingly denied, placed in issue, and strict proof thereon is demanded.

10.     Responding to the allegations and averments of numbered Paragraph 10 of the Complaint, it is admitted there is audio, but no video, of the next moments of the parties' encounter, as alleged in the first sentence. It is further admitted that Pheap took Officer Williams's Taser away from him and fired it at Officer Williams at close range, striking him. The remaining allegations and averments in the main text of numbered Paragraph 10 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded. The allegations and averments in footnote 7 of numbered Paragraph 10 of the

Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

11.     Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments in the first sentence of the main text of numbered Paragraph 11 of the Complaint pertaining to the alleged content of an alleged witness account and the same are accordingly denied, placed in issue, and strict proof thereon is demanded. It is specifically denied that Pheap was "running away," was "unarmed," and/or was "as much as forty (40) feet" when Officer Williams was compelled to resort to the use of lethal force. Officer Williams admits that, based upon the information available to him at the time and the totality of the circumstances presented, which were tense, uncertain and rapidly evolving, Officer Williams reasonably believed that Pheap posed an immediate threat of serious physical harm or death to Officer Williams and fired a shot in his direction that was fatal. The allegations and averments in footnote 8 of numbered Paragraph 11 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

12.     The allegations and averments in the main text of numbered Paragraph 12 of the Complaint are admitted. The allegations and averments in footnote 9 of numbered Paragraph 12 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

13.     The allegations and averments of numbered Paragraph 13 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

14.     Responding to the allegations and averments of numbered Paragraph 14 of the Complaint, it is admitted only that one of the two darts on Officer Williams's Taser was stuck in his utility belt and the wires of the Taser were wrapped around his arms after Pheap had just seconds earlier fired the Taser at Officer Williams. The remaining allegations and averments of numbered Paragraph 14 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

15.     The allegations and averments in the first sentence of numbered paragraph 15 of the Complaint are admitted.  Officer Williams admits that, based upon the information available to him at the time and the totality of the circumstances presented, which were tense, uncertain and rapidly evolving, Officer Williams reasonably believed that Pheap posed an immediate threat of serious physical harm or death to Officer Williams and fired a shot in his direction that was fatal. It is denied that Pheap was "fleeing and unarmed" when Officer Williams was compelled to resort to deadly force. The remaining allegations and averments in the main text of numbered Paragraph 15 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded. Likewise, the allegations and averments in footnote 10 of numbered Paragraph 15 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

16.     The allegations and averments of numbered Paragraph 16 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

17.      Responding to the allegations and averments of numbered Paragraph 17 of the Complaint, it is admitted that Pheap violently resisted Officer Williams's efforts to bring him

under control by using non-deadly force which resistance included choking Officer Williams and using Officer Williams's Taser against him. It is specifically denied that Officer Williams had "repeated opportunities" to bring Pheap under control with the use non-deadly force in view of the violent escalation of the encounter by Pheap. The remaining allegations and averments in the main text of numbered Paragraph 17 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded. The allegations and averments in footnote 11 of numbered Paragraph 17 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

18.     The allegations and averments of numbered Paragraph 18 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

19.     The allegations and averments of numbered Paragraph 19 of the Complaint constitute legal conclusions or argument to which no response is required.  To the extent that a response is deemed necessary, insofar as the allegations and averments of numbered Paragraph 19 of the Complaint may be deemed to set forth any predicate for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded. Officer Williams avers that, based upon the totality of the circumstances presented, which were tense, uncertain and rapidly evolving, Officer Williams reasonably believed that Pheap posed an immediate threat of serious physical harm or death to Officer Williams when Officer Williams was compelled to resort to the use of lethal force.

20.     The allegations and averments of numbered Paragraph 20 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

7

21.     The allegations and averments in the first sentence of numbered Paragraph 21 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.  Officer Williams admits that the Plaintiff purports to state a cause of action under 42 U.S.C. Section 1983 and Tennessee law but denies that he violated her rights or the rights of Pheap or that Plaintiff has any cause of action against him whatsoever.

22.     Responding to the allegations and averments of numbered Paragraph 22 of the Complaint, Officer Williams admits that the Plaintiff seeks compensatory damages against him but denies that he violated her rights or the rights of Pheap or that Plaintiff has any cause of action against him whatsoever.  It is specifically denied that Officer Williams violated any of Pheap's rights, whether existing under state or federal law and/or that Officer Williams is liable for any damages, attorneys' fees, costs, expenses, or other relief claimed by the Plaintiff.

23.     Responding to the allegations and averments of numbered Paragraph 23 of the Complaint, Officer Williams admits that Plaintiff purports to state a cause of action under 42 U.S.C. Sections 1983, 1988, and Tennessee law but denies that he violated her rights or the rights of Pheap or that Plaintiff has any cause of action against him whatsoever.  While denying all allegations of wrongdoing and denying that Plaintiff has a cause of action against him, Officer Williams admits that this Court has subject matter jurisdiction over this action.

24.     Responding to the allegations and averments of numbered Paragraph 24 of the Complaint, while denying all allegations of wrongdoing and denying that Plaintiff has a cause of action against him, Officer Williams admits that this Court may exercise supplemental jurisdiction over Plaintiff's claims brought under Tennessee law.

8

25.     Responding to the allegations and averments of numbered Paragraph 25 of the Complaint, while denying all allegations of wrongdoing and denying that Plaintiff has a cause of action against him, Officer Williams admits that venue is proper in this Court.

26.     Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 26 of the Complaint and the same are accordingly denied, placed in issue, and strict proof thereon is demanded.

27.     In that the City of Knoxville is a municipal corporation organized and existing under the laws of the State of Tennessee, the allegations of the first sentence of numbered Paragraph 27 of the Complaint are denied. The allegations and averments in the second sentence of numbered Paragraph 27 of the Complaint are admitted to the best of Officer Williams's knowledge and belief.  The remaining allegations and averments of numbered Paragraph 27 of the Complaint constitute legal conclusions or argument to which no response is required.  To the extent that a response is deemed necessary, insofar as the allegations and averments may be deemed to set forth any predicate for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded.

28.     The allegations and averments of numbered Paragraph 28 of the Complaint are admitted upon information and belief.

29.     The allegations and averments of numbered Paragraph 29 of the Complaint constitute legal conclusions or argument to which no response is required.  To the extent that a response is deemed necessary, insofar as the allegations and averments may be deemed to set forth any predicate for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded.

30.     Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 30 of the Complaint and the same are accordingly denied, placed in issue, and strict proof thereon is demanded.

31.     Officer Williams admits that he was employed by the City of Knoxville Police Department as a patrol officer and was operating under the color of law at all relevant times. Officer Williams further admits that he may be served with process at the referenced address. While Officer Williams admits that Plaintiff purports to state a cause of action against him in his individual capacity, he denies that he violated the Plaintiff's or Pheap's rights under state or federal law or that he is liable to the Plaintiff for damages under any legal theory.

32.      Officer Williams admits that Plaintiff purports to state a cause of action against "fictitious Defendants, Does 1-5" but denies that any Defendant violated Plaintiff's rights or the rights of Pheap or that any Defendant is liable to the Plaintiff for damages under any legal theory.

33.     The allegations and averments of numbered Paragraph 33 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

Footnote 13.  Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments in footnote 13 of the Complaint and the same are accordingly denied, placed in issue, and strict proof thereon is demanded.

34.     The allegations and averments of numbered Paragraph 34 of the Complaint are admitted.

35.     The allegations and averments of numbered Paragraph 35 of the Complaint are admitted.

36.     The allegations and averments of numbered Paragraph 36 of the Complaint are admitted.

37.     The allegations and averments of numbered Paragraph 37 of the Complaint are admitted.

38.     The allegations and averments of numbered Paragraph 38 of the Complaint are admitted.

39.     The allegations and averments of numbered Paragraph 39 of the Complaint are admitted.

40.     The allegations and averments in the first and third sentences of numbered Paragraph 40 of the Complaint are admitted. It is denied that Officer Williams asked the apartment residents where he could locate the owner of the vehicle.  It is averred that Officer Williams, in the course of his investigation, was trying to locate the driver of the suspected hit and run vehicle and that an apartment resident informed him that the driver of the vehicle lived in an apartment unit directly above the apartment resident on the third floor.

41.     The allegations and averments of numbered Paragraph 41 of the Complaint are admitted.

42.     The allegations and averments in the main text of numbered Paragraph 42 of the Complaint are admitted. The allegations and averments in footnotes 15 and 16 of numbered Paragraph 42 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded. It is averred upon information and belief that Pheap had been separated with his girlfriend, who was the registered owner of the hit and run vehicle, Chelsea Beverwyk,

11

since an incident occurring in or about February 2018 involving Pheap's assault upon Ms. Beverwyk's seven year old son with an empty hand and belt about the child's torso and face.

43.     The allegations and averments in the first 2 sentences of numbered Paragraph 43 of the Complaint are admitted. The remaining allegations and averments of numbered Paragraph 43 of the Complaint are denied, placed in issue, and strict proof thereon is demanded. It is averred that Officer Williams, in the course of his investigation, was trying to locate the driver of the suspected hit and run vehicle and that an apartment resident had seconds earlier informed him the driver of the vehicle lived in a third-floor apartment unit directly above the apartment resident. It is further averred that Officer Williams thereafter observed Pheap descending the stairs from the third-floor apartment unit.

44.     The allegations and averments in the first 4 sentences in the main text of numbered Paragraph 44 of the Complaint are admitted. Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and averments in the main text and in footnote 17 of numbered Paragraph 44 of the Complaint and they are accordingly denied, placed in issue, and strict proof thereon is demanded.  The allegations and averments in footnote 18 of numbered Paragraph 44 of the Complaint are admitted.

45.     The allegations and averments in the main text of numbered Paragraph 45 of the Complaint are admitted. It is averred that Officer Williams decided to conduct the pat-down also due to Pheap's nervous demeanor and his repeated efforts to reach into his pockets. It is further averred that Pheap repeatedly refused Officer Williams's requests to keep his hands out of his pockets which interfered with Officer Williams's ability to conduct the pat-down and the search of Pheap's pockets. The allegations and averments in footnote 19 of numbered Paragraph 45 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of

12

liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded. It is specifically denied that Pheap did not possess anything in his pockets that appeared to have possibly been a weapon.

46. The allegations and averments in the first sentence of numbered Paragraph 46 of the Complaint are admitted. The remaining allegations and averments of numbered Paragraph 46 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

47. The allegations and averments of numbered Paragraph 47 of the Complaint are admitted.

48. Responding to the allegations and averments of numbered Paragraph 48 of the Complaint, it is admitted that Officer Williams did not know initially that Pheap committed the earlier reported hit and run offense though he had reasonable suspicion to believe Pheap had done so based on information learned during his investigation and the totality of the circumstances presented to him, including Pheap's fidgety and nervous demeanor. The allegations and averments in the second and third sentences of numbered Paragraph 48 of the Complaint are admitted. The allegations and averments in the fourth sentence of numbered Paragraph 48 of the Complaint are denied, placed in issue, and strict proof thereon is demanded. Officer Williams admits that the Dodge Neon was blocked-in by Officer Williams's Tahoe and that Pheap initially appeared to try to flee on foot; otherwise, he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and averments in the fifth sentence of numbered paragraph 48 of the Complaint and they are accordingly denied, placed in issue, and strict proof thereon is demanded. The remaining allegations and averments of numbered Paragraph 48 of the Complaint are denied, placed in issue, and strict proof thereon is demanded. It is averred that Pheap's fidgety and nervous demeanor, his refusal to keep his hands

13

out of his pockets, his apparent effort to flee, and his ensuing aggravated assault upon Officer Williams escalated what was a passive and nonviolent encounter to a violent one that was tense, uncertain and rapidly evolving during which Officer Williams reasonably believed that Pheap posed an immediate threat of serious physical harm or death to him.

49.     The allegations and averments in the main text of numbered Paragraph 49 of the Complaint are admitted. Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments in footnote 20 of numbered Paragraph 49 of the Complaint and the same are denied, placed in issue, and strict proof thereon is demanded. The allegations and averments in footnote 21 of numbered Paragraph 49 of the Complaint are admitted.

50.     The allegations and averments of numbered Paragraph 50 of the Complaint are admitted. It is averred that Pheap got on top of Officer Williams and began to violently and forcefully choke Officer Williams which reasonably placed Officer Williams in fear for his life.

51.     The allegations and averments of numbered Paragraph 51 of the Complaint are admitted.

52.     The allegations and averments of numbered Paragraph 52 of the Complaint are admitted. The allegations and averments in footnote 23 of numbered Paragraph 52 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.  The allegations and averments in footnote 24 of numbered Paragraph 52 of the Complaint are admitted.

53.     The allegations and averments of numbered Paragraph 53 of the Complaint are admitted.

54.     The allegations and averments in the main text of the first 3 sentences of numbered Paragraph 54 of the Complaint are admitted.  Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and averments in the main text of numbered Paragraph 54 of the Complaint and the same are denied, placed in issue, and strict proof thereon is demanded.  The allegations and averments in footnotes 25 and 26 of numbered Paragraph 54 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

55.     The allegations and averments in the first 2 sentences of the main text of numbered Paragraph 55 of the Complaint are admitted. The remaining allegations and averments in the main text of numbered Paragraph 55 of the Complaint are denied, placed in issue, and strict proof thereon is demanded. It is averred that Pheap, after obtaining possession of Officer Williams's Taser, leveled the Taser directly at Officer Williams and fired it whereupon the Taser probes struck Officer Williams in his waistband and the wires of the Taser wrapped around his arms.  It is further averred that Officer Williams immediately felt electricity coursing through his body. The allegations and averments in footnotes 27, 28, 29, and 30 of numbered Paragraph 55 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

56.     Responding to the allegations and averments of numbered Paragraph 56 of the Complaint, it is admitted that Officer Williams, after hearing the pop of the Taser deployed by Pheap and immediately feeling the impact of its probes and electricity coursing through his body, was thinking, "I know what I have to do and I'm thinking I have to do it as humanly fast as

possible." The allegations and averments in footnote 31 of numbered Paragraph 56 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded. It is specifically denied that Pheap had turned his back to Officer Williams and had started to run away when Officer Williams experienced the thoughts he described in his post-shooting statement to investigators, as quoted in footnote 31 of numbered Paragraph 56 of the Complaint. It is averred that Pheap's actions, both in forcefully grabbing and taking possession of the Taser and in firing the Taser and striking Officer Williams, as set forth hereinabove, and then showing no sign of retreat, placed Officer Williams in the immediate fear of death or serious bodily harm.

57.     Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 57 of the Complaint pertaining to the alleged content of witness statements to investigators and the same are accordingly denied, placed in issue, and strict proof thereon is demanded. Officer Williams admits that he drew his handgun and fired twice at Pheap fearing that Pheap would again use the Taser on him as Pheap maintained control of the Taser and was pointing the Taser at Officer Williams. It is averred that Officer Williams was compelled to resort to the use of lethal force against Pheap based upon the tense, uncertain and rapidly evolving circumstances set forth hereinabove, which caused Officer Williams to reasonably believe that Pheap posed an immediate threat of serious physical harm or death to Officer Williams.

58.     Responding to the allegations and averments in the main text of numbered paragraph 58 of the Complaint, it is admitted that Officer Williams, in immediate fear of death or serious bodily harm, fired two rounds from his firearm at Pheap and that one of the rounds

16

struck Pheap, which was fatal. Any and all remaining allegations and averments in the main text of numbered paragraph 58 of the Complaint alleging that Pheap had his back to Officer Williams while fleeing when Officer Williams fired at Pheap and/or when the round struck Pheap are denied, placed in issue, and strict proof thereon is demanded. The allegations and averments in the main text of the last 3 sentences of numbered Paragraph 58 of the Complaint are admitted. The allegations and averments in footnotes 32, 33, 34, and 35 of numbered Paragraph 58 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

59.     Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments in the main text of numbered Paragraph 59 of the Complaint pertaining to the alleged content of the witness's statement and the same are accordingly denied, placed in issue, and strict proof thereon is demanded. It is specifically denied that Officer Williams "was four parking spaces away" from Pheap when the fatal shot was fired. Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and averments in the main text and in footnote 36 of numbered Paragraph 59 of the Complaint and they are accordingly denied, placed in issue, and strict proof thereon is demanded.

60.     Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 60 of the Complaint pertaining to the alleged content of the witness's statement to investigators and the same are accordingly denied, placed in issue, and strict proof thereon is demanded. Any and all allegations and averments of numbered Paragraph 60 of the Complaint insinuating that Pheap had his back to

17

Officer Williams while running away when Officer Williams fired at Pheap and/or when the round struck Pheap are denied, placed in issue, and strict proof thereon is demanded.

61.     Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 61 of the Complaint pertaining to the alleged content of the witness's statement to investigators and the same are accordingly denied, placed in issue, and strict proof thereon is demanded. Any and all allegations and averments of numbered Paragraph 61 of the Complaint insinuating that Pheap had his back to Officer Williams while running away when Officer Williams fired at Pheap and/or when the round struck Pheap are denied, placed in issue, and strict proof thereon is demanded.

62.     Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 62 of the Complaint pertaining to the alleged content of the witness's statement and the same are accordingly denied, placed in issue, and strict proof thereon is demanded. Any and all allegations and averments of numbered Paragraph 62 of the Complaint insinuating that Pheap had his back to Officer Williams while running away when Officer Williams fired at Pheap and/or when the round struck Pheap are denied, placed in issue, and strict proof thereon is demanded.

63.     Responding to the allegations and averments of numbered Paragraph 63 of the Complaint, Officer Williams asserts that the referenced cruiser audio recording is the best evidence of statements allegedly made by Officer Williams and others at the time in question. To the extent the allegations and averments of numbered Paragraph 63 of the Complaint are consistent with the content of such audio recording, they are admitted. To the extent the allegations and averments of numbered Paragraph 63 of the Complaint are not consistent with the content of such audio recording, they are denied. Any and all allegations and averments of

numbered Paragraph 63 of the Complaint insinuating that Pheap did not use the Taser against Officer Williams are denied, placed in issue, and strict proof thereon is demanded.

64.    Responding to the allegations and averments of numbered Paragraph 64 of the Complaint, it is admitted upon information and belief that Christopher Lochmuller, MD issued Pheap's final autopsy report on August 31, 2019. Officer Williams asserts that the final autopsy report referenced in numbered Paragraph 64 of the Complaint is a written document which speaks for itself. To the extent the allegations and averments of numbered Paragraph 64 of the Complaint are consistent with the terms and provisions of such document, they are admitted. To the extent the allegations and averments of numbered Paragraph 64 of the Complaint are not consistent with the terms and provisions of such document, they are denied.

65.    Responding to the allegations and averments of numbered Paragraph 65 of the Complaint, Officer Williams asserts that the final autopsy report referenced in numbered Paragraph 65 of the Complaint is a written document which speaks for itself. To the extent the allegations and averments of numbered Paragraph 65 of the Complaint are consistent with the terms and provisions of such document, they are admitted. To the extent the allegations and averments of numbered Paragraph 65 of the Complaint are not consistent with the terms and provisions of such document, they are denied. The allegations and averments of numbered Paragraph 65 of the Complaint alleging the autopsy "left no doubt" that Pheap was shot in the back are denied, placed in issue, and strict proof thereon is demanded.  It is averred that the bullet travelled laterally, from left to right, across Pheap's upper torso, not back to front as if Pheap was facing away from Officer Williams.  It is further averred upon information and belief that the medical examiner who conducted the autopsy, Christopher Lochmuller, MD, has since

opined that the entrance wound and trajectory of the bullet is not consistent with Pheap running away from Officer Williams and being shot in the back.

66.     Responding to the allegations and averments of numbered Paragraph 66 of the Complaint, it is admitted that Officer Williams released a statement through his attorney's office concerning the events of August 26, 2019 that are at issue in this case.  Officer Williams asserts that the statement referenced in numbered Paragraph 66 of the Complaint is a written document which speaks for itself. To the extent the allegations and averments of numbered Paragraph 66 of the Complaint are consistent with the terms and provisions of such document, they are admitted. To the extent the allegations and averments of numbered Paragraph 66 of the Complaint are not consistent with the terms and provisions of such document, they are denied. It is averred upon information and belief that the medical examiner who conducted the autopsy, Christopher Lochmuller, MD, has opined that the entrance wound and trajectory of the bullet is not consistent with Pheap running away from Officer Williams and being shot in the back.

67.     Officer Williams lacks knowledge or information sufficient to form a belief as to the truth of the allegations and averments in the first half of the first sentence of numbered Paragraph 67 of the Complaint.  It is admitted upon information and belief that the investigation into the shooting death of Pheap was conducted by the Knox County Sheriff's Office pursuant to the agreement referenced in numbered Paragraph 67 of the Complaint. The allegations and averments in footnotes 37 and 38 of numbered Paragraph 67 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

68.     Responding to the allegations and averments of numbered Paragraph 68 of the Complaint, it is admitted that Officer Williams was exonerated on November 7, 2019 of any

wrongdoing associated with Pheap's death. The remaining allegations and averments in the main text and in footnote 39 of numbered Paragraph 68 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

69.     The allegations and averments of numbered Paragraph 69 of the Complaint are admitted.

70.     The allegations and averments of numbered Paragraph 70 of the Complaint are admitted.

71.     The allegations and averments of numbered Paragraph 71 of the Complaint are admitted.

72.     The allegations and averments of numbered Paragraph 72 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

73.     The allegations and averments of numbered Paragraph 73 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

74.     The allegations and averments of numbered Paragraph 74 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

75.     The allegations and averments in the main text of numbered Paragraph 75 of the Complaint are denied, placed in issue, and strict proof thereon is demanded. The allegations and averments in footnote 40 of numbered Paragraph 75 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

76.     The allegations and averments in the first sentence of numbered Paragraph 76 of the Complaint constitute legal conclusions or argument to which no response is required. To the

extent that a response is deemed necessary, insofar as the allegations and averments in the first sentence of numbered Paragraph 76 of the Complaint may be deemed to set forth any predicate for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded. The allegations and averments in the second sentence of numbered Paragraph 76 of the Complaint are denied, placed in issue, and strict proof thereon is demanded. The allegations and averments in the third sentence of numbered Paragraph 76 of the Complaint are admitted, though it is denied that any such warning was required under circumstances created by Pheap that were tense, uncertain and rapidly evolving and which placed Officer Williams in immediate fear of death or serious bodily harm.

77. The allegations and averments of numbered Paragraph 77 of the Complaint are denied, placed in issue, and strict proof thereon is demanded. It is averred that a warning was not feasible under the circumstances created by Pheap that were tense, uncertain and rapidly evolving and which placed Officer Williams in immediate fear of death or serious bodily harm.

78. The allegations and averments of numbered Paragraph 78 of the Complaint constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed necessary, insofar as the allegations and averments of numbered Paragraph 78 of the Complaint may be deemed to set forth any predicate for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded.

79. Officer Williams hereby incorporates his responses to numbered Paragraphs 1-78 of the Complaint as if such responses are restated verbatim herein.

80. The allegations and averments of numbered Paragraph 80 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

81.     Responding to the allegations and averments in the main text of numbered Paragraph 81 of the Complaint, Officer Williams asserts that the written policy referenced therein is a written document which speaks for itself. To the extent the allegations and averments in the main text of numbered Paragraph 81 of the Complaint are consistent with the terms and provisions of such document, they are admitted. To the extent the allegations and averments in the main text of numbered Paragraph 81 of the Complaint are not consistent with the terms and provisions of such document, they are denied. The allegations and averments in footnotes 41 and 42 of numbered Paragraph 81 of the Complaint, insofar as they may be deemed to set forth any predicate for the imposition of liability against Officer Williams, are denied, placed in issue, and strict proof thereon is demanded.

82.     The allegations and averments of numbered Paragraph 82 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.  It is averred that the means of apprehension available to Officer Williams in the circumstances he confronted were exhausted and/or were greatly limited due to Pheap's violent escalation of the encounter and his actions directed towards Officer Williams which placed Officer Williams in imminent fear for his life.

83.      The allegations and averments of numbered Paragraph 83 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.  It is averred that the means of apprehension available to Officer Williams in the circumstances he confronted had been exhausted and/or were greatly limited due to Pheap's violent escalation of the encounter and his actions directed towards Officer Williams which placed Officer Williams in imminent fear for his life.

84.      The allegations and averments of numbered Paragraph 84 of the Complaint are admitted.

85.     The allegations and averments of numbered Paragraph 85 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

86.     The allegations and averments of numbered Paragraph 86 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

87.     Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 87 of the Complaint pertaining to the alleged content of witness statements and the same are accordingly denied, placed in issue, and strict proof thereon is demanded. It is specifically denied that Officer Williams "was four parking spaces away" from Pheap when the fatal shot was fired. The remaining allegations and averments of numbered Paragraph 87 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

88.     Responding to the allegations and averments in the first sentence of numbered Paragraph 88 of the Complaint, it is admitted that Pheap's possession of the Taser and his repeated efforts to harm Officer Williams both with use of the Taser and by earlier choking Officer Williams reasonably placed Officer Williams in imminent fear of death or serious physical harm when he was compelled to resort to deadly force. The remaining allegations and averments of numbered Paragraph 88 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

89.      The allegations and averments of numbered Paragraph 89 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

90.     The allegations and averments in the main text and in footnote 46 of numbered Paragraph 90 of the Complaint constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed necessary, insofar as the allegations and

24

averments may be deemed to set forth any predicate for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded.

91.     The allegations and averments of numbered Paragraph 91 of the Complaint constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed necessary, insofar as the allegations and averments of numbered Paragraph 91 of the Complaint may be deemed to set forth any predicate for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded.

92.     Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 92 of the Complaint and they are accordingly denied, placed in issue, and strict proof thereon is demanded.

93.     The allegations and averments of numbered Paragraph 93 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

94.     The allegations and averments of numbered Paragraph 94 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

95.     The allegations and averments of numbered Paragraph 95 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

96.     It is admitted upon information and belief that a bullet was recovered from the right side of Pheap's chest and that the entrance wound of the bullet was just behind Pheap's left armpit; otherwise, the allegations and averments of numbered Paragraph 96 of the Complaint are denied, placed in issue, and strict proof thereon is demanded. It is averred that the bullet travelled laterally, from left to right, across Pheap's upper torso, not back to front as if Pheap was facing away from Officer Williams. It is further averred upon information and belief that the medical examiner who conducted Pheap's autopsy, Christopher Lochmuller, MD, has opined that the

25

entrance wound and trajectory of the bullet is not consistent with Pheap running away from Officer Williams and being shot in the back.

97. The allegations and averments of numbered Paragraph 97 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

98. The allegations and averments of numbered Paragraph 98 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

99. Officer Williams admits that the Plaintiff purports to bring this cause of action against him but denies that he violated Plaintiff's or Pheap's rights and denies that Plaintiff has a cause of action against him. It is denied that Officer Williams violated any rights of Plaintiff or Pheap whether existing under state or federal law and/or that Officer Williams is liable for any damages claimed by the Plaintiff.

100. Officer Williams hereby incorporates his responses to numbered Paragraphs 1-99 of the Complaint as if such responses are restated verbatim herein.

101. The allegations and averments of numbered Paragraph 101 of the Complaint constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed necessary, insofar as the allegations and averments may be deemed to set forth any predicate for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded.

102. The allegations and averments of numbered Paragraph 102 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

103. Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 103 of the Complaint and they are accordingly denied, placed in issue, and strict proof thereon is demanded. It is denied that

26

Officer Williams violated any rights of the Plaintiff or Pheap whether existing under state or federal law and/or that Officer Williams is liable for any damages claimed by Plaintiff.

104.    Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 104 of the Complaint and they are accordingly denied, placed in issue, and strict proof thereon is demanded. It is denied that Officer Williams violated any rights of the Plaintiff or Pheap whether existing under state or federal law and/or that Officer Williams is liable for any damages claimed by the Plaintiff.

105.    Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 105 of the Complaint and they are accordingly denied, placed in issue, and strict proof thereon is demanded. It is denied that Officer Williams violated any rights of the Plaintiff or Pheap whether existing under state or federal law and/or that Officer Williams is liable for any damages claimed by the Plaintiff.

106.    The allegations and averments of numbered Paragraph 106 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

107.    Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 107 of the Complaint and they are accordingly denied, placed in issue, and strict proof thereon is demanded.  It is denied that Officer Williams violated any rights of the Plaintiff or Pheap whether existing under state or federal law and/or that Officer Williams is liable for any damages claimed by the Plaintiff.

108.    Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments of numbered Paragraph 108 of the Complaint and they are accordingly denied, placed in issue, and strict proof thereon is demanded.  It is denied that

Officer Williams violated any rights of the Plaintiff or Pheap whether existing under state or federal law and/or that Officer Williams is liable for any damages claimed by the Plaintiff.

109.     Any and all allegations and averments of numbered Paragraph 109 of the Complaint claiming that Officer Williams violated and/or deprived Pheap's constitutional rights or any other rights whatsoever are denied, placed in issue, and strict proof thereon is demanded. Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and averments of numbered Paragraph 109 of the Complaint and they are accordingly denied, placed in issue, and strict proof thereon is demanded.

110.     The allegations and averments of numbered Paragraph 110 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

111.     Any and all allegations and averments of numbered Paragraph 111 of the Complaint claiming that Officer Williams violated and/or deprived Pheap's constitutional rights or any other rights whatsoever are denied, placed in issue, and strict proof thereon is demanded. Officer Williams lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and averments of numbered Paragraph 111 of the Complaint and they are accordingly denied, placed in issue, and strict proof thereon is demanded.

112.     The allegations and averments of numbered Paragraph 112 of the Complaint constitute legal conclusions or argument to which no response is required.  To the extent that a response is deemed necessary, insofar as the allegations and averments may be deemed to set forth any predicate for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded.  It is denied that Officer Williams violated any rights of the Plaintiff or Pheap whether existing under state or federal law and/or that Officer Williams is liable for any damages claimed by the Plaintiff.

113.    The allegations and averments of numbered Paragraph 113 of the Complaint constitute legal conclusions or argument to which no response is required.  To the extent that a response is deemed necessary, insofar as the allegations and averments may be deemed to set forth any predicate for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded.  It is denied that Officer Williams violated any rights of the Plaintiff or Pheap whether existing under state or federal law and/or that Officer Williams is liable for any damages claimed by the Plaintiff.

114.    The allegations and averments of numbered Paragraph 114 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

115.    The allegations and averments of numbered Paragraph 115 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

116.    The allegations and averments of numbered Paragraph 116 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

117.    The allegations and averments of numbered Paragraph 117 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

118.    The allegations and averments of numbered Paragraph 118 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

119.    The allegations and averments of numbered Paragraph 119 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

120.    The allegations and averments of numbered Paragraph 120 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

121.    Responding to the allegations and averments of numbered Paragraph 121 of the Complaint, Officer Williams admits that Plaintiff purports to state a cause of action against the

City and Chief Thomas for violation of Pheap's constitutional rights but denies that any Defendant named herein is liable to the Plaintiff for any damages, attorney's fees, costs or discretionary costs.  It is denied that Officer Williams violated any rights of the Plaintiff or Pheap whether existing under state or federal law.

122.    Officer Williams hereby incorporates his responses to numbered Paragraphs 1-121 of the Complaint as if such responses are restated verbatim herein.

123.    Responding to the allegations and averments of numbered Paragraph 123 of the Complaint, Officer Williams admits that Plaintiff purports to state a cause of action on Pheap's behalf as his legal representative but denies that any Defendant named herein is liable to the Plaintiff for any damages, attorney's fees, costs or discretionary costs.  It is denied that Officer Williams violated any rights of  the Plaintiff or Pheap whether existing under state or federal law.

124.    The allegations and averments of numbered Paragraph 124 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

125.    The allegations and averments of numbered Paragraph 125 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

126.    The allegations and averments of numbered Paragraph 126 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

127.    The allegations and averments of numbered Paragraph 127 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

128.    The allegations and averments of numbered Paragraph 128 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

129.    Officer Williams hereby incorporates his responses to numbered Paragraphs 1-128 of the Complaint as if such responses are restated verbatim herein.

130.    The allegations and averments of numbered Paragraph 130 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

131.    The allegations and averments of numbered Paragraph 131 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

132.    The allegations and averments of numbered Paragraph 132 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

133.    The allegations and averments of numbered Paragraph 133 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

134.    Officer Williams hereby incorporates his responses to numbered Paragraphs 1-133 of the Complaint as if such responses are restated verbatim herein.

135.    The allegations and averments of numbered Paragraph 135 of the Complaint constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed necessary, insofar as the allegations and averments of numbered Paragraph 135 of the Complaint may be deemed to set forth any predicate for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded.

136.    The allegations and averments of numbered Paragraph 136 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

137.    The allegations and averments in the first sentence of numbered Paragraph 137 of the Complaint constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed necessary, insofar as the allegations and averments in the first sentence of numbered Paragraph 137 of the Complaint may be deemed to set forth any predicate

31

for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded. The allegations and averments in the second sentence of numbered Paragraph 137 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

138. The allegations and averments of numbered Paragraph 138 of the Complaint constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed necessary, insofar as the allegations and averments of numbered Paragraph 138 of the Complaint may be deemed to set forth any predicate for the imposition of liability against Officer Williams, they are denied, placed in issue, and strict proof thereon is demanded.

139. The allegations and averments of numbered Paragraph 139 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

140. The allegations and averments of numbered Paragraph 140 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

141. The allegations and averments of numbered Paragraph 141 of the Complaint are denied, placed in issue, and strict proof thereon is demanded.

142. Officer Williams denies that he is liable to the Plaintiff for any damages, costs, remedies, interest, or attorney's fees in any amount or degree as claimed by the Plaintiff or for any other relief requested in the Prayer for Relief in the Complaint.

143. Each and every allegation and averment of the Complaint not hereinabove admitted, denied, or explained is hereby generally denied, placed in issue, and strict proof thereon is demanded.

144. Officer Williams denies that he engaged in any act with respect to Pheap that constituted the use of unreasonable or excessive force. The use of force by Officer Williams was at all times lawful under the circumstances which he confronted.

32

145.     Officer Williams avers that he is entitled to recover reasonable costs and attorney's fees from the Plaintiff pursuant to 42 U.S.C. Section 1988 upon becoming a prevailing party in association with the entry of judgment in his favor on the Plaintiff's claims predicated upon 42 U.S.C. Section 1983.

146.     Officer Williams at all times relevant acted appropriately and is not guilty of any act that violated any of the Plaintiff's or Pheap's constitutional rights or any other rights whatsoever as a matter of law. The use of force at issue herein was reasonable and necessary under the totality of circumstances in which Officer Williams reasonably believed that Pheap posed an immediate threat of serious physical harm or death to him.

147.     Officer Williams denies that he is guilty of any conduct sufficient to warrant the imposition of punitive damages.

148.     The Plaintiff's alleged damages, if any, were proximately caused by Pheap's own negligent or intentional acts, namely his noncompliant, violent, and combative behavior directed towards Officer Williams as alleged herein, and thus Plaintiff's recovery is barred or limited by the doctrine of comparative fault.

149.     State law allegations against Officer Williams are governed and restricted by the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, *et. seq.*, and Officer Williams has full or partial immunity from such claims pursuant to the Act and pursuant to the public duty doctrine. Further, claims for damages under the Act are limited.

150.     Officer Williams invokes and relies upon the doctrine of qualified immunity as the same may apply to the facts and circumstances adduced through discovery herein. Specifically, the Plaintiff has failed to allege and/or otherwise cannot establish a violation of Pheap's clearly established constitutional rights.

151.     Upon the dismissal of this action or judgment in Officer Williams's favor, he is entitled to recover from the Plaintiff his reasonable costs and attorney's fees in defending this action, as provided for in T.C.A. Section 29-20-113.

152.     In view of the fact that the Plaintiff seeks punitive damages, Officer Williams hereby moves for an order bifurcating the trial in this matter pursuant to Fed. R. Civ. P. 42(b) and pursuant to the ruling of the Tennessee Supreme Court in *Hodges v. S.C. Toof and Co.*, 833 S.W.2d 896 (Tenn. 1992).

153.     A cause of action under 42 U.S.C. Section 1983 is entirely personal to the direct victim of the alleged constitutional tort.  To the extent the Plaintiff seeks to recover any damages allegedly suffered by her or other family members, such claim fails as a matter of law.

154.     The Plaintiff is not the real party in interest and lacks standing and/or capacity to prosecute this action.

155.     Officer Williams reserves the right to amend his answer upon the ascertainment of additional information through the discovery process and as the needs of justice may so require.

NOW, HAVING ANSWERED, Defendant Dylan M. Williams prays that an order be issued herein dismissing the Plaintiff's Complaint and that, failing said dismissal, a jury of the maximum number of persons allowable by law be impaneled to try the issues joined herein and that, upon trial, judgment be entered in favor of Dylan M. Williams and ordering the Plaintiff to pay all of his applicable costs and his attorneys' fees.

34

Respectfully submitted this the 23rd day of December, 2020.

/s/ E. Jerome Melson
E. Jerome Melson (TN BPR #013340)
John M. Kizer (TN BPR #029846)
GENTRY, TIPTON & McLEMORE, P.C.
P.O. Box 1990
Knoxville, Tennessee 37901-1990
(865) 525-5300
Attorneys for Defendant Dylan M. Williams

## Certificate of Service

The undersigned hereby certifies that on December 23, 2020, the foregoing **"Answer of Defendant Dylan M. Williams to Complaint"** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel indicated on the electronic filing receipt. All other counsel, if any, will be served by regular U.S. Mail. Counsel may access this filing through the Court's electronic filing system.

/s/ E. Jerome Melson
E. Jerome Melson (BPR #013340)
John M. Kizer (TN BPR #029846)
GENTRY, TIPTON & McLEMORE, P.C.
P.O. Box 1990
Knoxville, Tennessee 37901-1990
(865) 525-5300