UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

SOPHIA PHEAP, as Administratrix and  )
Personal Representative of the Estate of  )
CHANNARA PHEAP,  )
  )  3:20-CV-00387-DCLC-DCP
      Plaintiff,  )
  )
   v.  )
  )
DYLAN M. WILLIAMS,  )
  )
      Defendant.  )

**MEMORANDUM OPINION AND ORDER**

In this wrongful death and civil rights action, Plaintiff Sophia Pheap, in her representative capacity as the administratrix and personal representative of the estate of her brother Channara Pheap ("Pheap"), asserts claims against Defendant Dylan W. Williams ("Officer Williams") for excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 and state law claims for negligence and battery. This matter came before the Court for a final pretrial conference on August 29, 2023, during which the Court heard argument from counsel for both parties on the currently pending motions in limine [Docs. 125, 127, 128, 129, 130] and objections to various exhibits contained in the parties' pretrial disclosures [Docs. 142, 146, 148]. The Court's rulings on each of the foregoing matters are memorialized herein.

**I.    Defendant's Motions in Limine**

Defendant moved to exclude (1) proof of his alleged prior bad acts [Doc. 125]; (2) any damages evidence which Plaintiff failed to disclose prior to trial [Doc. 127]; (3) any evidence suggesting that Pheap was running and facing away from Defendant when he was shot [Doc. 128]; and (4) evidence as to punitive damages during the liability and compensatory damages phases of

1

the trial [Doc. 129]. Given the lack of opposition by Plaintiff, the Court **GRANTED** the first and fourth motions [Docs. 125, 129]. However, the Court modified the relief with respect to the motion seeking bifurcation of punitive damages from the liability and compensatory damages phases of the trial and ruled that the trial will proceed in two phases—(1) liability and (2) damages.

With respect to the second motion in which Defendant sought to bar Plaintiff's offer of damages evidence due to the failure to disclose a computation of damages in accordance with Fed.R.Civ.P. 26 [Doc. 127], counsel indicated that Plaintiff would only seek noneconomic damages. Finding that Plaintiff's failure to disclose a computation of noneconomic would be harmless, the Court **DENIED** the motion to the extent Defendant sought exclusion of noneconomic damages but **GRANTED** the motion to the extent Defendant sought to exclude economic damages, such as lost earning capacity and funeral expenses.

Finally, in his third motion, Defendant cited the "physical facts rule," arguing that the physical facts in the case are compatible only with the theory that the left side of Pheap's body was facing Defendant when the lethal force was used and, as a result, any evidence to the contrary must be excluded. Finding, consistent with the Court's reasoning for denying summary judgment, that there are sufficient facts in the record to create a genuine dispute of fact as to whether Pheap was running away or facing Defendant, the Court **DENIED** the Defendant's third motion [Doc. 128].

| II. | **Defendant's Objections** |
|---|---|

Defendant objected to Plaintiff's proposed exhibits consisting of (1) Plaintiff's expert's reports [Doc. 142]; (2) photos of Pheap offered to show that he is right-hand dominant [Doc. 148, pgs. 1–3]; (3) a photo from the scene of the shooting depicting a close-up image of Pheap's head and face [*Id.* at pgs. 3, 4]; (4) a photo from the scene of the shooting depicting a close-up image of

2

Case 3:20-cv-00387-DCLC-DCP   Document 202   Filed 09/08/23   Page 2 of 5   PageID #: 3730

the gunshot wound on Pheap's back [*Id*. at pg. 4]; and (5) a photo of the invoice for funeral expenses and charges relating to Pheap's death [*Id*. at pgs. 4, 5].

Consistent with the Court's ruling on Defendant's motion in limine excluding evidence of economic damages, the Court **SUSTAINED** the fifth objection, excluding the photo of the funeral bill. The Court also **SUSTAINED** the first objection, excluding the expert reports as hearsay, and **SUSTAINED** the second objection, excluding the photos of Pheap intended to show he was right-hand dominant pursuant to Fed.R.Civ.P. 37(c) and Fed.R.Evid. 403. As for the objections to the photos of Pheap from the scene of the shooting, the Court **OVERRULED** Defendant's objection to the close-up image of the gunshot wound on Pheap's back and **RESERVED RULING** with respect to Defendant's objection to the close-up image of Pheap's head and face.

### III. Plaintiff's Motion in Limine and Objections

Plaintiff filed an Omnibus Motion in Limine [Doc. 130] seeking to exclude any questions, statements, or evidence: (1) regarding Pheap's criminal history and other bad acts; (2) regarding any prior allegations of abuse by Pheap; (3) concerning the cocaine that was found at the scene of the shooting; (4) regarding the September 11, 2019 TBI toxicology report or results thereof; (5) regarding correspondence between District Attorney General Charme P. Allen ("Allen") and Sheriff Tom Spangler ("Spangler"); (6) concerning the inter-office memorandum prepared by Assistant District Attorney Sean F. McDermott ("McDermott"); (7) concerning the Power Point presentation prepared by McDermott; (8) concerning Officer Williams's pre-suit statement made and released by his attorney; (9) concerning the Internal Affairs Unit ("IAU") Report prepared by Sgt. Amanda Bunch ("Sgt. Bunch"); (10) suggesting or inferring that Pheap died of a result of any case other than a "gunshot wound to the back"; and (11) suggesting or inferring that Pheap was anything other than right-hand dominant [*Id*. at pgs. 2, 3].

Due to the lack of opposition by Defendants, the Court **GRANTED** the fifth, seventh, and eighth requests, excluding (1) correspondence between Allen and Spangler, (2) the Power Point presentation prepared by McDermott, and (3) Officer Williams's pre-suit statement. The Court **DENIED** the final two requests to exclude evidence suggesting that Pheap died of a result of any case other than a "gunshot wound to the back" or that Pheap was anything other than right-hand dominant. Defendants also indicated that they had narrowed down the IAU report to exclude the majority of the documents within that Plaintiff took issue with. The Court reserved ruling on the remaining requests in Plaintiff's omnibus motion. Thus, the motion is **DENIED WITHOUT PREJUDICE** with respect to those remaining requests.

Plaintiff also filed various objections to certain exhibits listed in Defendant's pretrial disclosures [Doc. 146]. Finding the admissibility of the majority of the exhibits would depend on the context in which they are introduced at trial, the Court also **RESERVED RULING** on each of the objections.

Thus, consistent with the foregoing and for the reasons stated on the record, Defendant's Motion in Limine Regarding Any Alleged Bad Acts [Doc. 125] is **GRANTED**; Defendant's Motion in Limine to Bar Plaintiff's Offer at Trial of Damages Evidence Not Disclosed [Doc. 127] is **GRANTED IN PART** and **DENIED IN PART**; Defendant's Motion in Limine to Exclude Plaintiff's Offer of Evidence at Trial Barred by the "Physical Facts Rule" [Doc. 128] is **DENIED**; Defendant's Motion in Limine to Exclude Evidence of Punitive Damages in Liability and Compensatory Damages Phase of Trial [Doc. 129] is **GRANTED**; and Plaintiff's Omnibus Motion in Limine [Doc. 130] is **GRANTED IN PART**, **DENIED IN PART**.

Moreover, Defendant's Objection to Plaintiff's Proposed Exhibits Consisting of Expert Reports [Doc. 142] is **SUSTAINED**, and Defendant's Objections to Plaintiff's Amended and Supplemental Pretrial Disclosures [Doc. 148] is **SUSTAINED IN PART**, **OVERRULED IN**

**PART**, and ruling is **RESERVED IN PART**.  Finally, the Court **RESERVES RULING** on Plaintiff's Objections to Defendant's Exhibits [Doc. 146].

      **SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
