UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SOPHIA PHEAP, as administratrix and )
Personal Representative of the ESTATE OF )
CHANNARA PHEAP, )
 )
        Plaintiff, )
 )
v. ) No. 3:20-CV-387-DCLC-DCP
 )
DYLAN M. WILLIAMS, )
 )
        Defendant. )

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion to Quash Defendant's Subpoena of Knox County Deputy District Attorney General Sean McDermott [Doc. 169]. He requests that the Court quash the subpoena that Defendant Dylan Williams ("Defendant Williams") served, which compels his testimony at the trial of this matter. Knox County Deputy District Attorney General Sean McDermott ("General McDermott") argues that "the subpoena is improper because there is no matter relevant to this litigation about which General McDermott could testify at trial" and it is unduly burdensome [*Id*. at 1]. Due to the approaching trial date, the Court ordered Defendant Williams to respond to the motion by September 5, 2023 [Doc. 175]. In his response [Doc. 185], Defendant Williams states that General McDermott's testimony is necessary to authenticate the report he authored ("Memorandum")[1] and on which his experts relied. He states, "If Plaintiff's

---

[1] The subject report is a Memorandum from General McDermott to Charme P. Allen, dated November 7, 2019 [Doc. 193-1 pp. 3-30].

counsel would agree to the authenticity of [the Memorandum] by stipulation or by allowing [Defendant Williams] to submit an affidavit to authenticate it," he would not need to call General McDermott at trial [*Id.* pp. 1–2]. The Court ordered Plaintiff, Defendant Williams, and General McDermott to meet and confer to discuss Defendant Williams's proposal and to file a joint status report by September 6, 2023 [Doc. 186].

The parties timely filed their Status Report [Doc. 193], which stated that counsel for General McDermott would provide a Certificate of Acknowledgement from General McDermott under Rule 902 of the Federal Rules of Evidence for the purpose of authenticating the Memorandum.[2] The Status Report further stated that if the Certificate of Acknowledgement properly authenticated the Memorandum, then "[D]efendant's counsel does not intend to call General McDermott and he may be released from his subpoena." [*Id.* at 2]. After reviewing the Status Report, it was unclear to the Court whether Plaintiff intended to object to the authenticity of General McDermott's report in light of the Certificate of Acknowledgment, and thus, ordered Plaintiff to file a notice stating whether she intended to object to the authenticity of the Memorandum by noon on September 8, 2023 [Doc. 196]. Plaintiff timely filed her Notice [Doc. 200], stating that she "has no objection to the [M]emorandum on authenticity grounds" and explained that her primary objection to the Memorandum is that "it is inadmissible hearsay within hearsay and that Dr. Desmoulin has relied extensively upon it in forming his opinions." [*Id.* p. 1].

Given the representation of the parties in the Status Report [Doc. 193], including the Certificate of Acknowledgement submitted by General McDermott [Doc. 193-1 at 1], and Plaintiff's Notice [Doc. 200], it appears that there is no objection to the Memorandum on

---

[2]   A copy of the Certificate of Acknowledgment was attached to the Status Report [Doc. 193-2].

authenticity grounds under Rule 902 of the Federal Rules of Evidence. Based on Defendant Williams's representation that the sole purpose of his subpoena of General McDermott was to authenticate the Memorandum, and now with that issue having been resolved, there is no matter as to authentication for which General McDermott would need to testify at trial. Therefore, the Court **GRANTS** the Motion to Quash [Doc. 169]**.**

    **IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge